OCTOBER TERM, 1873. 603

People ex rel. Parker v. County Court of Jefferson.

PEOPLE *ex rel.* PARKER *et al.* v. COUNTY COURT OF JEFFERSON.

*Drainage of lands — statute relating to — assessment — erroneous rule — review in county court — appeal.*

Under the provisions of a statute providing for the draining of certain lands in Jefferson and St. Lawrence counties (Laws of 1868, ch. 180), the commissioners assessed the lands benefited by such drainage (with one or two trifling exceptions,) at the same rate per acre, without regard to the quality of the land, or location of the different parcels. The county court, upon an appeal, found that the land assessed could not be equally benefited; that the commissioners had not made such assessment upon a personal examination of all the lands, but upon the assumption that all the lands assessed would be benefited alike per acre, and had thus adopted an erroneous rule of assessment.

*Held,* that the county court was warranted in its finding upon the facts appearing in the return.

In making the assessment the commissioners acted judicially, and if they proceeded on right principles, their assessment would be conclusive. The county court could review their decree only upon the law or principles governing their action.

The review which this court can make in the proceedings is limited to the facts appearing upon the return of the county court to the certiorari.

THIS is a certiorari brought to review the decision of the county court of Jefferson county, made in a special proceeding upon an appeal from an assessment made by the relators, as commissioners, under an act of the legislature passed in 1864 (ch. 577), providing for the draining of certain lands in Jefferson and St. Lawrence counties. An appeal from the assessment in these cases was given by act of the legislature passed in 1868 (ch. 180), to the county court of the county where the lands assessed were situated. The county court set aside the assessment in question with costs, upon the ground that the rule of apportionment of the assessment adopted by the commissioners was erroneous. The acts of the legislature under which the proceedings were had are Laws of 1864, chapter 577, original act; Laws of 1865, chapter 730, authorizing appeal; Laws of 1868, chapter 180, New Appeal Act; Laws of 1871, chapter 360, amendment.

*F. L. Hasbrouck, Jr.,* for relators.

*F. W. Hubbard,* for respondent.

E. D. SMITH, J.   Upon the return of the certiorari in this proceeding, but a single question is presented for our consideration.   It is, whether the county court had jurisdiction to review and set aside the assessment of the relators upon the ground stated in the decision. It appears from said return that the lands affected by the drainage and acts of said commission authorized by the legislature embraced a large extent of country in Jefferson and St. Lawrence counties, situated upon the banks of Black Lake and its tributaries (Laws of 1864, ch. 577), and that the costs, expenses, and said work and improvements, amounting to $27,741.79, were assessed upon about 300 parcels of land, belonging to different owners, and that with the exception of several village lots, containing about half an acre each, assessed at $3.26 each, and two small parcels of farming land at $2.62 per acre, all the rest and residue of said lands, in both Jefferson and St. Lawrence counties, from the foot of Black Lake to the head of Butterfield Lake, and upon Black and Plenir creeks, and all other tributaries of Black Lake, comprising several thousand acres of land, extending over an area of many miles, were assessed at the uniform rate of $3.26$\frac{4}{10}$ per acre; that a portion of these lands are arable lands, used for pasturage, producing good crops, and others covered with timber, others wet and covered with wild grasses, and some ordinarily covered with water, and others dry, except in time of high water.   In assessing all these lands at a common and uniform rate of $3.26$\frac{4}{10}$ per acre, the county court held that the commissioners had adopted an erroneous rule of assessment, and vacated and set aside said assessment upon that ground.

The act under which this appeal to the county court was authorized (Laws of 1868, chap. 180, § 2) contained a provision that said court is authorized and required to review such assessment, on such appeal, upon such proof, as may be presented at the hearing, and shall have power to affirm, reverse, set aside, or modify the said assessment, if it shall be found that the lands assessed are not and will not be benefited by the work, or if it shall appear that the rule of the apportionment and assessment is erroneous.   The appeal was not brought or sustained on the ground that the lands of the appellant were not benefited by the work; it was brought and sustained upon the sole ground that the rule of the apportionment of the assessment is erroneous.

This court finds, that the said land so assessed to pay the costs and expenses of the said work cannot be equally benefited by the

said work, and that the commissioners, without the examination of each parcel of land assessed, assumed that the land assessed would be benefited alike per acre. If this finding be correct, that the commissioners, without examination of each parcel, assumed that the land would be benefited alike per acre, the correctness of the decision of the county court, that the commissioners had adopted an erroneous rule of apportionment, can scarcely be doubted. The commissioners, in making their assessment, were doubtless bound, as the county court held, to make it upon each separate piece of land, or upon the owners thereof liable to be assessed, ratably with each and every other parcel of land or the owner thereof, according to the value of the benefits to be received by each parcel or the owner, by reason of such work. The value of the benefit to any parcel, or the owner thereof, will be equivalent to the increase of the value of such parcel, by reason of such work.

In making such assessment the commissioners acted judicially, like assessors, and their decision or judgment in respect to the amount or value of the benefit to any particular piece or parcel of land must be conclusive, if they proceeded upon correct principles. *Baldwin* v. *Calkins*, 10 Wend. 178.

In giving to the county court power to review the decision of the commissioners, the legislature, whenever it appeared or was found that the land of any particular person was benefited by the said improvement, did not give power to the county court to review the decision of the commissioners on the facts, but upon the law or principles governing their actions and proceedings in making the assessment. The review which this court is entitled to make of these proceedings is limited, I think, to the facts appearing in or upon the return of the county court to the *certiorari*. In that return, it is stated that this case was tried with twenty-seven other appeals involving the same questions, and evidence taken in one case was to be used in all, as far as practicable. Upon the trial, a large number of witnesses were examined, and a large amount of evidence was given as to the character and situation of the land assessed and the products of the same, fully justifying the several conditions of facts contained in the opinion and decision of the court, dated November 21st, 1872, and thereto annexed.

Upon this return in connection with the opinion and decision of the court, I think we are bound to consider the statement in the decision of the court above stated, which purports to find that the

commissioner, without examination, assumed that all the land assessed would be benefited alike per acre or a binding of fact upon this point upon all the evidence before that court, but a small part of which is returned, and particularly as in the paper referred and designated by the heading *"decision,"* dated November 21st, 1872, and signed by the county judge, the following passages occur speaking of the apportionment: "Why then was such a rule of apportionment adopted ?" It must have been simply because it was a convenient one, accurate enough, the commissioners perhaps thought, for all practical purposes, and as they had only to ascertain the amount of money required, and divide this sum by the number of acres assessed, to arrive at the tax per acre, it must greatly simplify their duties and release them of a lengthy and difficult task."

The county court has not put its decision upon the ground that the commissioners and relators had erred in matter of fact, in assessing the amount of benefit upon the several parcels of land, but on the ground that they had not made such assessment upon personal examination, and view of all the lands assessed, but had without such examination of the respective parcels assumed "that all the lands assessed would be benefited alike per acre," and thus adopted an erroneous rule of apportionment.

As the testimony taken before such court, is not before us in full, I do not see how we can decide that the county court has erred in their decision and findings. The testimony also annexed to the returns, besides, does show that much of the land covered by this assessment, was not personally examined and viewed by the relators, at or before the making of such assessment; one of the relators testified that the commissioners "did not go upon every piece of land, and that at the least calculation they went upon three-fourths of them if not more." When in connection with this fact it is considered that to raise the sum of $27,741.79 upon an assessment of $3.26 per acre, the assessment must have embraced and extended over upward of 8,500 acres of land of various qualities and descriptions, and through a large extent of country, it is quite apparent that an estimate of benefit that should produce such uniformity must have been made at one time, and be the result of a species of generalization or assumption, and could not possibly have been made upon a view and examination and comparison of the several parcels of land, separately in the exercise of that careful

discrimination and deliberate judgment which the case and the law required.

The finding of the county court that such estimate was made without examination of each and every parcel assessed upon the assumption aforesaid it seems to me is not unwarranted by the facts before that court, and that there is nothing before us that would warrant this court in reversing such findings and decisions.

The judgment of the county court should therefore be affirmed, with costs.

*Judgment affirmed.*